RUFUS HARRIS *vs.* SAMUEL W. DOGGETT.

An action commenced before a justice of the peace, containing counts for several causes of action, of some of which he has jurisdiction, and of others not, cannot, after his judgment for the plaintiff on the first, and for the defendant on the others, and the defendant's appeal, be dismissed by the superior court for want of jurisdiction.

ACTION OF TORT, with an *ad dammum* of one hundred dollars, commenced before a justice of the peace. The declaration contained five counts, the fifth of which was for trespass on real estate, and concluded " to the damage of the plaintiff, as he says, in the sum of five dollars," and each of the other four was for a personal tort, with a similar conclusion. The justice gave judgment for the defendant on the fifth count, and for the plaintiff on each of the others, amounting in all to four dollars and

seventy five cents.  The defendant appealed to the court of common pleas.  The case was transmitted under *St.* 1859, *c.* 196, to the superior court, in which the plaintiff moved to amend by striking out the fifth count, and the defendant moved to dismiss action on the ground that the justice before whom it was commenced had no jurisdiction, because it was an action of trespass upon real estate, and one in which the title to real estate might be concerned, and the damages demanded amounted to the sum of one hundred dollars.  The superior court ordered the action to be dismissed, and the plaintiff appealed.

*W. F. Slocum,* for the defendant, cited Rev. Sts. *c.* 85, §§ 1 – 3; *St.* 1852, *c.* 314, § 1; *Chamberlain* v. *Cochran,* 8 Pick. 522; *Stone* v. *Kelly,* 8 Mass. 98; *Ayer* v. *Kelly,* 21 Law Reporter, 680.

*H. B. Staples,* for the plaintiff, cited *St.* 1852, *c.* 312, § 2; *Bishop* v. *Warner,* 22 Verm. 591; *Stanley* v. *Barker,* 25 Verm. 507; *Cook* v. *Porter,* 1 Tyler, 450; *Rich* v. *Hogeboom,* 4 Denio, 453; *Lyon* v. *Alvord,* 18 Conn. 66; *Pollard* v. *Barnes,* 2 Cush. 191.

DEWEY, J.  Had the declaration in the present case been confined to the fifth count, claiming damages merely for a tort for breaking and entering upon the plaintiff's close, and concluding " to the damage of the plaintiff (as he says) in the sum of one hundred dollars," the police court would have had no jurisdiction of the case, nor would the superior court have taken any on the case being brought there by an appeal.  *Mc Quade* v. *O'Neil,* 15 Gray, 52.

But the present case differs very materially from that above stated.  The declaration contains four counts for personal torts, as to which a justice of the peace has jurisdiction to the amount of one hundred dollars, and the *ad damnum* was very properly stated as of that amount, although by so doing the justice would not have his judicial power enlarged in reference to the counts for trespass upon the land of the plaintiff.

Under the somewhat peculiar form of the declaration in this action, adding separately to the various counts the *ad damnum*

clause, it might be held that the justice had jurisdiction as to the fifth count, the damage being alleged in "the sum of five dollars." But however that may be, the insertion of that count does not deprive the justice of the jurisdiction of the action, or require the dismissal of the action, as the plaintiff may have leave to amend by striking out his fifth count. *Pollard* v. *Barnes*, 2 Cush. 191. That count may be waived on the trial in the superior court, and the case proceed with reference to the others, upon which only, as it was stated in the argument of the case, the plaintiff seeks to recover damages. The order of the superior court dismissing the action is reversed, and the case remitted for further proceedings.

*Judgment reversed, and case remitted.*